UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:20-CR-76 |
| v. | ) | |
| | ) | JUDGE CRYTZER |
| JOSEPH FISHER | ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, JOSEPH FISHER, and the defendant's attorney, Jonathan Moffatt, have agreed upon the following:

1.     The defendant will plead guilty to Counts One and Three in the Indictment:

a)     Count one charges the defendant with knowingly receiving child pornography in violation of 18 U.S.C. § 2252(A)(a)(2).  The punishment for this offense is a term of imprisonment of not less than five (5) years and not more than twenty (20) years; a fine of up to $250,000; a term of supervised release of five (5) years up to life; a thirty-five thousand dollar ($35,000.00) assessment, mandatory restitution of not less than three thousand dollars ($3,000.00) restitution to each victim, fifty-one hundred ($5100) dollars in special assessment fees and forfeiture.

b)     Count three charges the defendant with knowingly possessing child pornography in violation of 18 U.S.C. § 2252(A)(a)(5)(B).  The punishment for this offense is a term of imprisonment of not more than ten (10) years; a fine of up to $250,000; a term of supervised release of five (5) years up to life; a seventeen thousand dollar ($17,000.00)

assessment, mandatory restitution of not less than three thousand dollars ($3,000.00) restitution to each victim, and  fifty-one hundred ($5100) dollars in special assessments and forfeiture.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining Count Two against the defendant in this Indictment.

3. The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged.  Specifically, the elements of the offenses are as follows:

RECEIPT OF CHILD PORNOGRAPHY

a) The defendant knowingly received;

b) Any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8);

c) That had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

POSSESSION OF CHILD PORNOGRAPHY

a) The defendant knowingly possessed or accessed with intent to view material that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8); and

b) Such child pornography has been shipped or transported using any means or facility of interstate or foreign commerce; and/or has been shipped or transported in or affecting interstate or foreign commerce;

c) the defendant knew that such items contained child pornography.

2

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On November 10, 2018, a member of the Morristown Police Department Internet Crimes Against Children Task Force (ICAC) in Morristown, in the Eastern District of Tennessee, began an investigation into sharing child pornography on the BitTorrent file sharing network. An IP address of 24.159.146.78 was identified as having files containing child pornography. On January 18, 2019, the investigator was able to connect directly with 24.159.146.78 and downloaded files containing child pornography from the defendant's device that he was making available for downloading.

On March 13, 2019, a Cybertip from the National Center for Missing and Exploited Children (NCMEC) by Google reported IP address 24.159.146.78 and defendant's email address bobbibliclepro@gmail.com was possessing, and/or receiving child pornography.

The IP address was determined to be registered to a Charter Communications subscriber. A subpoena was then served on Charter Communications for subscriber information and it was revealed that IP address 24.159.146.78 was assigned to the following active account customer:

Name:      Joseph Fisher

Address:      3321 Windjammer Rd., White Pine, Tennessee 37890

Law enforcement confirmed the home was owned and lived in by the defendant. On April 30, 2019, law enforcement obtained a search warrant for defendant's home located at 3321

3

Windjammer Rd., White Pine, in the Eastern District of Tennessee. On May 2, 2019, the search warrant was executed.

Defendant agreed to voluntarily speak to law enforcement and admitted to using UTorrent to download/receive child pornography onto his computer. Further he admitted to uploading/distributing 100 child pornography images onto Kik, a social media communication platform for others to view the child pornography, and that he had approximately 14,000 child pornography images stored in his personal Dropbox account. The defendant also admitted that bobbibliclepro@gmail.com is his personal email address.

The computer and related items were seized and forensically examined. The forensic exam located a total of 3291images, 887 videos of child pornography on the seized computer and devices.

Defendant admits that from a period of November 10, 2018 through March 19, 2019, he knowingly received child pornography as defined in 18 U.S.C. § 2256(8) that had been transported in interstate commerce by means of a computer. Defendant further admits that on May 2, 2019, he knowingly possessed child pornography as defined in 18 U.S.C. § 2256(8), that had been transported using any means or facility of interstate or foreign commerce; and/or has been shipped or transported in or affecting interstate or foreign commerce.

5.   The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

   a)   the right to plead not guilty;

   b)   the right to a speedy and public trial by jury;

   c)   the right to assistance of counsel at trial;

4

d)      the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e)      the right to confront and cross-examine witnesses against the defendant;

f)      the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g)      the right not to testify and to have that choice not used against the defendant.

6.      Pursuant to Rule 11(c)(1)(B), the parties agree that §2G2.2 of the United States Sentencing Guidelines (USSG) is the appropriate guideline to calculate the punishment range for the defendant. Specifically, the parties agree the below stated base offense and specific offense characteristics apply.

| U.S.S.G. Provision | Application | Levels |
|---|---|---|
| U.S.S.G. § 2G2.2(a)(2) | Base offense level for 18 U.S.C. §§ 2252A(a)(2). | 22 |
| U.S.S.G. § 2G2.2(b)(1) | FISHER's conduct was not limited to receipt or solicitation of material involving the sexual exploitation of a minor and he intended to traffic or distribute such material, so he is NOT eligible for a 2-level reduction | 0 |
| U.S.S.G. § 2G2.2(b)(2) | The material did involve a prepubescent minor or a minor who had not attained the age of 12 years. | +2 |
| U.S.S.G. § 2G2.2(b)(3)(F) | The offense involved distribution of material involving the exploitation of a minor. | +2 |
| U.S.S.G. § 2G2.2(b)(4) | The offense involved CP material that portrays sadistic or masochistic conduct or other descriptions of violence. | +4 |

5

| U.S.S.G. § 2G2.2(b)(6) | The offense also involved the use of a computer for the possession, receipt or distribution of the CP material. | +2 |
| U.S.S.G. § 2G2.2(7)(D) | More than 600 CP images were identified. | +5 |
| | **Total Offense Level** | **37** |

If the defendant is given the three levels for acceptance of responsibility the defendant's total offense level will be 34 with a criminal history of I, and his sentencing guidelines range will be one hundred fifty-one to one hundred eighty-eight (151-188) months' imprisonment. Both parties understand this agreement is not binding on the Court. Additionally, the Court may impose any lawful terms of supervised release, fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate.

7.     The defendant agrees to pay the special assessment in this case prior to sentencing.

8.     The items listed below were seized from the defendant on April 30, 2019. The defendant agrees that the following items contain child pornography or contraband and the parties agree these items will be destroyed and will not be returned to the defendant:

- Fifteen (15) writable discs;
- Two broken iPhone 4 cell phones;
- LG GS Smartphone;
- Sandisk Ultra Plus 64 GB Micro-SD drive;
- Samsung Smartphone;
- Three (3) Sandisk thumb drives;
- Sandisk Cruzer Glide, 128 GB thumb drive;
- Custom desktop tower (11472271017002100);
- Nabi Tablet;
- iPod 16GB; and
- Canon Camera (362077008).

6

9. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s).

10. **Financial Obligations.** The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

7

a)      If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b)      The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c)      If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11.      The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a)      The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

8

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

9

13.     This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14.     The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15.     This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties

10

and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

By: _____
Jennifer Kolman
Assistant United States Attorney

2/24/21
_____
Date

2-18-21
_____
Date

_____
Joseph Fisher
Defendant

2/23/21
_____
Date

_____
Jonathan Moffatt
Attorney for the Defendant

11